BARBARA GIUFFRE (Bar No. 158180)
LAW OFFICES OF BARBARA GIUFFRE
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: 415/981-9114
Facsimile: 415/434-0513
Barbara@igc.org

Counsel for Defendants and Counter-Complainants
U.S. TAX ADVANTAGE, LLC and
MARK C. GASBARRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS W. WRIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. TAX ADVANTAGE, LLC, MARK GASBARRA, et al.,<br><br>    Defendants.<br> | Case No.: C-09-00280 JSW<br><br>**STIPULATED PROTECTIVE ORDER** |
| U.S. TAX ADVANTAGE, LLC, a limited liability company, MARK C. GASBARRA, an individual,<br><br>    Counter-Complainants,<br><br>vs.<br><br>DOUGLAS W. WRIGHT, an individual,<br><br>    Counter-Defendant. | |

All parties in the above-referenced action recognize that certain information pertaining to this action is private, proprietary and/or otherwise highly confidential. Therefore the parties,

_____1_____
STIPULATED PROTECTIVE ORDER

through their counsel of record, hereby stipulate to the following agreement regarding the protection of the confidentiality of information disclosed during discovery in connection with this action:

1. Any party or non-party may designate as CONFIDENTIAL any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or personal or business financial information, subject to protection under the Federal Rules of Civil Procedure or California law ("Confidential Information"), or any part thereof, by marking the document with the word "CONFIDENTIAL." In addition, any party may designate as CONFIDENTIAL any such a document produced prior to the date upon which the parties have entered into this agreement, any document inadvertently produced without such legend, and any such document produced by a third party, by promptly furnishing written notice to the receiving party that information shall be considered CONFIDENTIAL pursuant to the terms of this agreement. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within 20 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that the specific pages of the transcript or specific responses be treated as "confidential" information.

2. In exercising the right to designate a document CONFIDENTIAL, the parties agree to proceed in good faith. A party shall not designate a document as CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such protection.

3. Except as may be otherwise provided by order of the Court or further stipulation of the parties, documents designated as CONFIDENTIAL, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall be used for no purpose other than prosecuting or defending any legal or factual claims between the parties.

4. Access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) the judiciary, its employees and its agents, including jurors; (ii) the parties; (iii) counsel of record for the parties and persons working under

2

STIPULATED PROTECTIVE ORDER

the supervision of such counsel who are assisting in the prosecution or defense of this action; (iv) court reporters, their transcribers, assistants and employees; (v) mediators selected by the parties to mediate this dispute; (vi) consultants and experts for each party who are involved in the preparation of this litigation for trial; (vii) litigation support providers (for example, outside copy services, graphic artists and visual aids providers, or jury consultants) whose duties and responsibilities require access to Confidential material; and (viii) potential witnesses

5. Any person described in paragraph 4 above to whom delivery, exhibition or disclosure is made of any documents or information protected by this Stipulation and Protective Order shall be subject to the provisions of this Stipulation and Protective Order. Such person(s) shall first be given a copy of this Stipulation and Protective Order and shall be required to agree that they will abide by its terms by signing the attached Acknowledgment. Such persons may make copies of such Confidential Documents or prepare summaries or descriptions of such Confidential documents or information only as necessary to assist in the defense or prosecution of this action. Such persons shall not show, convey or reproduce such documents, or parts of such documents, or summaries of such documents, to any individual or entity who would not otherwise have access to CONFIDENTIAL documents under the provisions of this Stipulation and Order. The recipient of any information designated CONFIDENTIAL agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with or violation of this Order

6. Any person to whom Confidential documents are provided in accordance with this Protective Order may prepare extracts, summaries, or descriptions of such Confidential documents or information as necessary to assist in the defense or prosecution of this action. Such persons shall not show, convey, or reproduce any such documents, or any parts thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who would not otherwise have access to CONFIDENTIAL documents under the provisions of this Order.

7. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court pursuant to Civil L.R. 79-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the

3

STIPULATED PROTECTIVE ORDER

presumption in favor of public access to papers filed in court.

8. A party may designate as "confidential" documents or materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within 30 days after receiving such materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. If any party claims that any matter designated hereunder is not entitled to the protections of this Protective Order, that party may serve on the designating party an objection to the designation. Such objection(s) may be served by facsimile and will be deemed received two business days after the objection is sent via facsimile. After service of the objection, the parties shall meet and confer regarding the objection. If the parties are unable to reach agreement concerning the designation of the matter, then the party requesting removal of the designation may file and serve a motion for an order from the Court directing that the designation of the matter be removed and/or modified. On any such motion, The party designating the document or other information as Confidential has the burden of establishing that the document or other information is entitled to protection.

10. The terms of this Protective Order are applicable to CONFIDENTIAL information submitted or produced by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the parties through either formal or informal discovery means shall (a) have the same right as a party to designate any such information under this Protective Order, and (b) have the standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

11. All provisions of this Order restricting the communication or use of confidential information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. At the conclusion of litigation between the parties, every CONFIDENTIAL document disclosed in this action, other than that which is contained in pleadings, other court filings, correspondence and deposition transcripts, whether or not filed, shall be (a) returned to the disclosing party or non-party within thirty (30) days or (b) destroyed within the time period

upon consent of the party who provided the information and certify in writing within 30 days that the documents have been destroyed.

12. This Stipulation and Protective Order shall not, in itself:

    a. constitute a waiver of any party's right to seek at a future time relief from the Court for an order restricting access to specific documents designated as CONFIDENTIAL documents to a more limited group of individuals or entities than defined in paragraph 4 above, or for an order granting access to specific documents designated as CONFIDENTIAL documents to additional individuals;

    b. preclude any party from (i) claiming that any document or matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for an Order permitting disclosure or use of information or documents otherwise prohibited by the Protective Order, or (iii) applying for an Order modifying this Protective Order in any respect;

    c. constitute a waiver of any objection to any discovery request;

    d. be construed as an admission or agreement that any document designated as a CONFIDENTIAL document, in fact, is confidential, or contains sensitive information, or otherwise is entitled to any protective relief whatsoever; or

    e. control the disclosure of CONFIDENTIAL information at trial (a matter which the parties will resolve, if necessary, through appropriate pre-trial proceedings); or

    f. if inadvertent or unintentional production of a document or other information that is subject to attorney/client or work product immunity is made, this Stipulation shall not constitute a waiver of either protection and the receiving party shall return the document or information upon request. No reference shall be made to the contents of such documents inadvertently produced in a submission to the Court.

_____5_____

STIPULATED PROTECTIVE ORDER

Dated: May 8, 2009                    LOGAN & GILES, LLP

                                      By _____
                                              William A. Logan, Jr.

Dated: 5/8/09                         LAW OFFICES OF BARBARA GIUFFRE

                                      By: _____
                                              Barbara Giuffre
                                              Counsel for USTA, LLC and Mark
                                              Gasbarra

---

STIPULATED PROTECTIVE ORDER                    6

ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court in *Wright v. USTA, et al.*, United States District Court for the Northern District of California, Case No. 08-00280 JSW, that she/he is one of the persons contemplated in the foregoing paragraphs as authorized to receive disclosure of information designated CONFIDENTIAL by one of the parties or non-parties to the case, and that she/he fully understands and agrees to abide by the obligations and conditions of the foregoing PROTECTIVE ORDER. No later than 30 days after the conclusion of this action, I will return the confidential information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me the confidential information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

_____
(Signature)

_____
(Title or position)

_____
(Dated)

STIPULATED PROTECTIVE ORDER

IT IS SO ORDERED.

Dated: May 12, 2009

/s/ Jeffrey S. White
District Judge of the U.S. District Court,
Northern District of California

STIPULATED PROTECTIVE ORDER 8